UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TRUSTEES OF THE IRON WORKERS DISTRICT COUNCIL OF TENNESSEE VALLEY AND VICINITY PENSION FUND, et al.,<br> *Plaintiffs,*<br><br>v.<br><br>B & D ENTERPRISES AND CONTRACTING, INC., BILLY W. BUMPUS, and DENISE L. BUMPUS,<br> *Defendants.* | Case No. 1:10-cv-167<br><br>Collier / Carter |

REPORT AND RECOMMENDATION

I. Introduction

The District Court has granted the plaintiff's motion for default judgment and has referred the instant matter to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1) for a report and recommendation regarding the amount of damages to which the plaintiffs are entitled. Plaintiffs have submitted declarations in support of their damages and an evidentiary hearing was held on Tuesday, December 7, 2010, for the purpose of determining damages. Notice was given to all parties, but only the plaintiffs appeared. For the reasons stated herein, it is RECOMMENDED plaintiffs be AWARDED damages in the amount of $184,847.55.

II. Background

The plaintiffs brought this action against two of the defendants on June 22, 2010, alleging violations of the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) and the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132

and 1145[1] (Doc. 1, Complaint). The plaintiffs fled an Amended Complaint on June 29, 2010, which essentially mirrored the original complaint except that the Amended Complaint named a new and third defendant (Doc. 4, Amend. Complaint). Each defendant was timely served with process (Docs. 2, 3, and 5, Summons returns). After the defendants failed to file an answer or other responsive pleading, and upon motion of the plaintiffs, a default was entered against all three defendants (Doc. 6, Request for Entry of Default; and Doc. 7, Entry of Default). Upon motion of the plaintiffs, the Court subsequently granted the plaintiffs' motion for default judgment against each defendant pursuant to Fed. R. Civ. P. 55(a) and referred this matter to the undersigned to determine the appropriate damages (Doc. 8, Motion for Judgment by Default; and Doc. 9, Memorandum & Order). The undersigned held an evidentiary hearing on damages on Tuesday, December 7, 2010. While defendants were given notice concerning the hearing, only the plaintiffs appeared.

### III. Findings of Fact

At all material times relevant to this matter, the defendant B & D Enterprises and Contracting, Inc. (hereinafter "B & D Enterprises") was a party to a collective bargaining agreement between itself, Iron Workers Local 704, and the Iron Workers District Council of Tennessee Valley and Vicinity (Doc. 4, Amend. Complaint ¶11). The defendant, Billy W. Bumpus, was/is the Vice-President and Secretary of B & D Enterprises. (Doc. 4, Amend.

---

[1] 29 U.S.C. § 1132 provides a private right of action to participants or beneficiaries to recover benefits due under the terms of an ERISA plan. *See* 29 U.S.C. § 1132. 29 U.S.C. § 1145 requires employers to make contributions to multiemployer plans where and as required by a collectively bargained agreement. *See* 29 U.S.C. § 1145. 29 U.S.C. § 185(a) provides that suits for violations of contracts between an employer and a labor union may be brought in any United States District Court having jurisdiction over the parties, regardless of the amount in controversy or the citizenship of the parties.

Complaint ¶14). The defendant, Denise Bumpus, was/ is the President and Treasurer of B & D Enterprises, and she is also the majority shareholder of B & D Enterprises. (Doc. 4, Amend. Complaint ¶20 and 22). At all material times relevant to this matter, the defendants Billy W. Bumpus and Denise Bumpus were/are married, and they were/are the only two shareholders of B & D Enterprises. (Doc. 4, Amend. Complaint ¶19 and 21).

Pursuant to sections 9(A) and (D) of the collective bargaining agreement, B & D Enterprises was required to submit contributions for each man-hour worked in covered employment to the Pension Fund (Doc. 4, Amend. Complaint ¶26). Pursuant to sections 9(A) and (C) of the collective bargaining agreement, B & D Enterprises was required to submit contributions for each man-hour worked in covered employment to the Health and Welfare Fund (Doc. 4, Amend. Complaint ¶27). In addition, pursuant to sections 9(A) and (E) of the collective bargaining agreement, B & D Enterprises was required to submit contributions for each man-hour worked in covered employment to the Local 704 Apprenticeship and Training Trust Fund (Doc. 4, Amend. Complaint ¶28). And, pursuant to Addendum 2 to the collective bargaining agreement, B & D Enterprises was required to submit contributions for each man-hour worked in covered employment to the Annuity Plan (Doc. 4, Amend. Complaint ¶29). B & D Enterprises breached sections 9(A), (C), (D), (E) and Addendum 2 of the collective bargaining agreement and violated 29 U.S.C. §1145 in failing and refusing to pay pension, insurance, apprenticeship, and annuity contributions on behalf of its employees (Doc. 4, Amend. Complaint ¶30).

Although B & D Enterprises submitted some of the requisite monthly contribution reports to the plaintiffs, it breached the collective bargaining agreement by failing to submit all the requisite monthly contribution reports to the plaintiffs (Doc. 4, Amend. Complaint ¶32 and 34).

Pursuant to 29 U.S.C. §1132 (g)(2), the collective bargaining agreement, and the plaintiffs' Declarations of Trust, B & D Enterprises owes interest on its delinquent contributions at an annual rate of 20%, and liquidated damages of 20% of the unpaid contributions (Doc. 4, Amend. Complaint ¶36).

The defendants Billy W. Bumpus and Denise Bumpus intentionally used their influence and control over B & D Enterprises to cause the contributions owing but not forwarded to the Funds to be forwarded to themselves instead (Doc. 4, Amend. Complaint ¶38). Upon receiving such contributions, the defendants Billy W. Bumpus and Denise Bumpus then exercised dominion and control over all of the contributions for their own personal use and benefit (Doc. 4, Amend. Complaint ¶39). These actions by the defendants Billy W. Bumpus and Denise Bumpus were done as part of a joint scheme and with full knowledge of the other spouse (Doc. 4, Amend. Complaint ¶40). By exercising dominion and control over the contributions owing and belonging to the Funds, the defendants Billy W. Bumpus and Denise Bumpus have unlawfully defied the Funds' rights to those contributions and in doing so have converted the contributions (Doc. 4, Amend. Complaint ¶41). The defendants Billy W. Bumpus and Denise Bumpus are thus jointly and severally liable to the Funds for the amounts converted and all damages incident thereto (Doc. 4, Amend. Complaint ¶42).

The defendants Billy W. Bumpus and Denise Bumpus instructed B & D Enterprises to give them the contributions not forwarded to the Funds, and upon receiving such contributions, the defendants Billy W. Bumpus and Denise Bumpus then exercised dominion and control over all of the contributions for their own personal use and benefit (Doc. 4, Amend. Complaint ¶44). By exercising dominion and control over the contributions owing and belonging to the Funds, the

defendants Billy W. Bumpus and Denise Bumpus breached their fiduciary duties under ERISA to the Funds and the beneficiaries of the Funds (Doc. 4, Amend. Complaint ¶45). Through their dominion and control over B & D Enterprises, the defendants Billy Bumpus and Denise Bumpus unlawfully controlled and manipulated B & D Enterprises for their own personal benefit in order to avoid the ERISA obligations of B & D Enterprises to the Funds (Doc. 4, Amend. Complaint ¶46).

B & D Enterprises owes contributions to the Funds for August 2009 through August 5, 2010 (Doc. 15, Declaration of Sharon Hodson ¶5). B & D Enterprises submitted monthly contribution reports to the Funds for the months of August 2009 thru April 2010 (Doc. 15, Declaration of Sharon Hodson ¶6). Based on those reports, B & D Enterprises owes $83,636.41 in contributions to the Funds for August 2009 through April 2010, representing $35,091.89 owed to the Pension Fund, $31,977.00 owed to the Health & Welfare Fund, $9,148.52 owed to the Apprenticeship Fund, and $7,419.00 owed to the Annuity Fund (Doc. 15, Declaration of Sharon Hodson ¶7).

B & D Enterprises failed to submit the requisite monthly contribution reports for May 2010 through August 5, 2010 (Doc. 15, Declaration of Sharon Hodson ¶8). Consequently, after the Court entered a default judgment, the plaintiffs served a subpoena duces tecum upon the defendant Billy W. Bumpus (Doc. 10, Subpoena return). The plaintiffs then took the deposition of Billy W. Bumpus on October 29, 2010. (Testimony, Dec. 7, 2010). This additional information identified some of the individuals that B & D Enterprises previously employed and the dates and hours that they worked, but only for a six-week period covering the month of May 2010 and for June 1-12, 2010. Although in a different form, this is the type of information that

the defendants had agreed to provide, but failed to provide, through monthly reports to the plaintiffs (Doc. 15, Declaration of Sharon Hodson ¶9). Because the defendants still did not produce the requisite information over the last eight week period covering June 13, 2010, through August 5, 2010, the plaintiffs took an average of the six-week period from May 2010 through June 1-12, 2010, and applied that average to each of the last eight weeks from June 13, 2010, through August 5, 2010 (Doc. 15, Declaration of Sharon Hodson ¶10). The plaintiffs have thus been able to determine that the defendants owe $50,437.29 in contributions to the Funds for May 2010 through August 5 2010, representing $16,986.87 owed to the Pension Fund, $23,190.17 owed to the Health & Welfare Fund, $6,634.65 owed to the Apprenticeship Fund, and $3,625.60 owed to the Annuity Fund (Doc. 15, Declaration of Sharon Hodson ¶11).

Putting all the months together, the defendants failed to pay, and thus owe, a grand total of $134,073.70 in unpaid, delinquent contributions to the plaintiffs for August 2009 through August 5, 2010. This grand total is comprised of $52,078.76 owed to the Pension Fund, $55,167.17 owed to the Health and Welfare Fund, $15,783.17 owed to the Apprenticeship Fund, and $11,044.60 owed to the Annuity Fund (Doc. 15, Declaration of Sharon Hodson ¶12).

As a result of the actions of the defendants, the plaintiffs have suffered actual damages in the amount of $134,073.70 (Doc. 15, Declaration of Sharon Hodson ¶14). Therefore, the plaintiffs are entitled to actual damages from the defendants in the amount of $134,073.70 (Doc. 15, Declaration of Sharon Hodson ¶14).

The applicable contract between the parties provides for 20% interest. This amount is further permitted by 29 U.S.C. §1132(g)(2)(B). Therefore, the plaintiffs are entitled to recover

interest from the defendants in the amount of $16,275.03. (Doc. 15, Declaration of Sharon Hodson ¶15).

The applicable contract between the parties provides for 20% liquidated damages. This amount is further permitted by 29 U.S.C. §1132(g)(2)(C). Therefore, the plaintiffs are entitled to recover liquidated damages from the defendants in the amount of $26,814.74. (Doc. 15, Declaration of Sharon Hodson ¶16).

The applicable contract between the parties permit the plaintiffs to recover their attorneys fees. This amount is further permitted by 29 U.S.C. §1132(g)(2)(D). In the course of prosecuting this case, the plaintiffs have incurred attorneys fees in the amount of $7,000.00 (representing 35 hours of work times $200 per hour). At the December 7, 2010, hearing, the plaintiffs submitted an invoice detailing the work counsel performed, and I find the attorney's fees sought to be reasonable and necessary. Therefore, the plaintiffs are entitled to recover attorney's fees from the defendants in the amount of $7,000.00. (Doc. 15, Declaration of Sharon Hodson ¶17; Doc. 14, Corrected Declaration of Attorney Jimmy Rodgers ¶4).

The applicable contract between the parties permit the plaintiffs to recover their costs incurred in prosecuting this case. This amount is further permitted by 29 U.S.C. §1132(g)(2)(D). In the course of prosecuting this case, the plaintiffs have incurred total costs in the amount of $684.08. This amount is calculated by adding $350.00 for the filing fee (see, Doc. 1), $6.32 for service of the summons upon the defendant Denise Bumpus (see, Doc. 5), $6.83 postage for certified, return receipt letter mailed to U.S. Treasury Secretary Timothy Geithner pursuant to 29 U.S.C. §1132(h), $6.83 postage for certified, return receipt letter mailed to U.S. Labor Secretary Hilda Solis pursuant to 29 U.S.C. §1132(h), and $314.10 paid to Chattanooga Reporters

Associated for the deposition of the defendant Billy Bumpus on October 29, 2010. In addition to 29 U.S.C. §1132(g)(2)(D), I find that these costs should be recovered by the plaintiffs under 29 U.S.C. §1132(g)(2)(E) insofar as the plaintiffs would not have incurred such costs but for the failure of the defendants to honor their legal and contractual obligations to the plaintiffs. At the December 7, 2010, hearing, the plaintiffs submitted evidence that the deposition of Billy W. Bumpus on October 29, 2010, would not have even been necessary had the defendants submitted the monthly contribution reports that they were legally and contractually required to submit. Therefore, the plaintiffs are entitled to recover $684.08 in costs from the defendants. (Doc. 15, Declaration of Sharon Hodson ¶18; Doc. 14, Corrected Declaration of Attorney Jimmy Rodgers ¶5).

As a result of the actions/inactions by the defendants, the plaintiffs have suffered total damages in the amount of $184,847.55 – representing $134,073.70 in unpaid contributions, $16,275.03 in interest, $26,814.74 in liquidated damages, $7,000.00 in attorney's fees, and $684.08 in costs. (Doc. 15, Declaration of Sharon Hodson ¶20).

## IV. Conclusions of Law

"A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" *Trustees of Iron Workers Dist. Council of Tennessee Valley and Vicinity Pension Fund v. Howell*, 2008 WL 2645504, * 8 (E.D.Tenn. 2008), (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir.2002) (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n. 3 (1st Cir.1999)).

As a result of the default, the factual allegations of the complaint relating to liability are taken as true. Howell, 2008 WL 2645504 * 8, (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983)).

For purposes of entering a default judgment "well-pleaded factual allegations are sufficient to establish a defendant's liability." *Howell*, 2008 WL 2645504 at * 8, (citing *National Satellite Sports, Inc. v. Mosley Entertainment, Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, 3 (E.D. Mich. May 21, 2002).

This action arises under the Labor Management Relations Act, as amended, 29 U.S.C. §185(a) and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145. This Court has subject matter jurisdiction based on federal questions pursuant to the Employee Retirement Income Security Act of 1974 – specifically 29 U.S.C. §1132(a)(3)(B) and 29 U.S.C. §1132(e)(1)– in that this is an action by the plaintiffs' Trustee fiduciaries to enforce 29 U.S.C. §1145. The plaintiffs – the Pension Fund, the Annuity Plan, the Health and Welfare Fund, and the Local 704 Apprenticeship and Training Trust Fund – are employee pension or welfare benefit plans within the meaning of 29 U.S.C. §1002(1-2) (Doc. 4, Amend. Complaint ¶3-6). The plaintiffs are "multi-employer plans" within the meaning of 29 U.S.C. §1002(37)(A), in that more than one employer is required to contribute to the plaintiffs, and they are maintained pursuant to a collective bargaining agreement between the Iron Workers District Council, its affiliated local unions, and multiple employers (Doc. 4, Amend. Complaint ¶7). The Trustees of the plaintiffs exercise discretionary authority and control with respect to the management and disposition of the plaintiffs and plaintiffs' assets. Accordingly, the Trustees are "fiduciaries" of the plaintiffs within the meaning of 29 U.S.C. §1002(21) (Doc. 4, Amend.

Complaint ¶8). The defendant, B & D Enterprises is an employer within the meaning of 29 U.S.C. §1002(5) engaged in an industry affecting commerce (Doc. 4, Amend. Complaint ¶11). This Court has personal jurisdiction over each one of the defendants (Doc. 4, Amend. Complaint ¶23). Under 29 U.S.C. §1132(e)(2), this Court is the proper venue for this action (Doc. 4, Amend. Complaint ¶24).

"[T]he breach of an agreement to make contributions to employee benefit funds is a violation of ERISA." *Howell*, 2008 WL 2645504 at * 6 -7. "ERISA ... provides that an 'employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such plan or such agreement.'" *Howell*, 2008 WL 2645504 at * 6 -7 (quoting 29 U.S.C. § 1145). "ERISA defines an employer as one who acts 'directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.' *Howell*, 2008 WL 2645504 at * 6 -7 (quoting 29 U.S.C. § 1002(5)). "Corporate officers and shareholders do not fall within ERISA's definition of 'employer' and thus cannot be held personally liable for the corporation's ERISA obligations by virtue of their relationship to the corporate employer alone." *Howell*, 2008 WL 2645504 at * 6 -7. Once corporate liability is established under ERISA, "shareholders and officers may be held personally liable for their corporations' obligations under ERISA if they have acted as the 'alter egos' of their corporations or otherwise met the requirements that justify 'piercing the corporate veil' under traditional common law principles." *Howell*, 2008 WL 2645504 at * 6 -7. 29 U.S.C. § 1109(a) imposes personal liability on fiduciaries as follows: (a) Any person who is a fiduciary with respect to a

plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of the assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate. *Howell*, 2008 WL 2645504 at * 6 -7. "[A]n individual defendant, who admittedly was in charge of the daily operations of a company delinquent in its ... contributions to ERISA trust funds, was personally liable for breach of his fiduciary duties to the funds as a result of his conscious decision to keep his business operating while unpaid fund contributions remained owing." *Howell*, 2008 WL 2645504 at * 6 -7. The defendants, Billy W. Bumpus and Denise Bumpus, are fiduciaries within the meaning of 29 U.S.C. §§ 1002(21)(A)[2] and 1109(a), and are thus personally liable to the plaintiffs. The defendants are jointly and severally liable for all damages awarded to the plaintiffs by this Court.

Finally, Plaintiffs, as the parties seeking a judgment by default, must establish the following:

(1) when and against what party the default was entered;

(2) identification of the pleading to which default was entered;

(3) whether the defaulting party is an infant or incompetent person;

(4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and

---

[2] 29 U.S.C. § 1002(21)(A) includes in its definition of "fiduciary," that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets..."

(5) that notice has been served on the defaulting party, if required by Fed.R.Civ.P. 55(b)(2). *Disney Enterprises v. Farmer*, 427 F.Supp.2d 807, 815 (E.D.Tenn.2006) (citing *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D.Cal.2005)). Rodgers' amended declaration in support of plaintiffs' motion for default judgment satisfies these requirements. As defendants have never entered an appearance in this action, the notice requirement of Fed.R.Civ.P. 55(b)(2) does not apply. Accordingly, Plaintiffs have satisfied their burden of showing they are entitled to an entry of judgment by default against defendants pursuant to Fed.R.Civ.P. 55(b)(2).

## V. Conclusion

For the reasons stated herein, it is RECOMMENDED that plaintiffs be awarded default judgment against the defendants, who are jointly and severally liable, in the amount of $184,847.55. This amount is comprised of $134,073.70 in unpaid contributions, $16,275.03 in interest, $26,814.74 in liquidated damages, $7,000.00 in attorney's fees, and $684.08 in costs. It is further RECOMMENDED that post-judgment interest accrue in accordance with 28 U.S.C. §1961(b).[3]

            s/William B. Mitchell Carter
            UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(a). Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).